**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:14 CR 22-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **NEYANI MARI LONG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming before the undersigned upon a Violation Report (#16) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her presentence release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Joshua D. Nielsen, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Report. The Government introduced without objection the Violation Report into evidence.

The Defendant was charged in a bill of information filed on October 23, 2014 with embezzling monies entrusted to her as an agent of an Indian tribal

organization, that being Cherokee Central Schools of the Eastern Band of Cherokee Indians, the value of which exceeded $1,000., in violation of 18 U.S.C. § 1163. A Rule 11 and plea hearing was held in regard to the charges pending against Defendant on November 12, 2014 and Defendant entered a plea of guilty to the offense charged in the bill of information at that time. On that date, the undersigned entered an Order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1)     Defendant shall not violate any federal, state or local law while on release.

(8)(a) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

(8)(i) Defendant must travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services.

(8)(p) Defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

The Defendant admitted to her probation officer that she had used

methamphetamine and possibly other controlled substances on December 7, 2014. Defendant was instructed to report to her probation officer on December 8, 2014 and she failed to do so. Defendant admitted she did not report to her probation officer because she was in Pigeon Forge, TN without permission of her U.S. Probation Officer.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)     finds that there is----
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2)     finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a state crime while on release. The consumption

of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844.

There has been shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown that Defendant failed to report to the U.S. Probation Officer as instructed and traveled outside the Western District of North Carolina. There has further been shown by clear and convincing evidence that Defendant failed to refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The Defendant has clearly violated this condition by possessing methamphetamine, which is a controlled substance which is not prescribed by a license medical practitioner.

Based upon the findings made above, it appears there are no conditions or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. The use of methamphetamine does pose a danger to the Defendant herself. It is the opinion of the undersigned, based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release previously entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: December 30, 2014

Dennis L. Howell
United States Magistrate Judge